IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CASEY PERSINGER | PLAINTIFF |
| vs. | CASE NO. _____ |
| A GENTLE TOUCH HOME CARE, INC. and SONDRA STEVENSON, Individually | DEFENDANTS |

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, Casey Persinger (hereinafter "Plaintiff"), was an employee of Defendants, A Gentle Touch Home Care, Inc., a Tennessee for profit corporation and Sondra Stevenson, Individually (collectively referred to as "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

## NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum

standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs from Defendants.

## JURISDICTION

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

4. The United States District Court for the Western District of Tennessee has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because this suit raises federal questions under the FLSA.

5. The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## VENUE

6. Venue lies properly within this Court under 28 U.S.C. §§1391(b)(1) and (c)(2), because the State of Tennessee has personal jurisdiction over Defendants and Defendants therefore "reside" in Tennessee.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiff either worked for Defendants within this district during the relevant time period subject to this Complaint and/or Defendants maintained a business operation within this district.

8. Since a substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within this jurisdiction; venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

9. At all material times hereto, Defendant, A Gentle Touch Home Care, Inc. is a for profit corporation who operates and conducts business in Memphis (Shelby County), Tennessee.

10. Defendant, Sondra Stevenson is an individual who, upon information and belief, lives and resides in Shelby County, Tennessee and is listed on the Tennessee Secretary of State's site for CC's Has It All, Inc.

11. At all times relevant to this action, Carol Reed is an individual resident of the State of Tennessee, who owns, operates and conducts business on behalf of A Gentle Touch Homes Care, Inc. and who regularly exercises the authority to: (a) hire and fire employees of A Gentle Touch Homes Care, Inc.; (b) determines the work schedules for the employees of A Gentle Touch Homes Care, Inc.; and (c) controls the finances and operations of A Gentle Touch Homes Care, Inc.; and, by virtue of having regularly exercised that authority on behalf of A Gentle Touch Homes Care, Inc., Sondra Stevenson is an employer as defined by 29 U.S.C. §201, *et seq.*

## COVERAGE

12. At all material times hereto (2016-2019), Plaintiff was an "employee" within the meaning of the FLSA.

13. At all material times hereto (2016-2019), Defendants were the "employer" within the meaning of the FLSA.

14. Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

15. At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

16. At all material times hereto (2016-2019), Defendants were, are, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all material times hereto (2016-2019), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

18. At all material times hereto (2016-2019), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

19. At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

    a) Operated instrumentalities of commerce;

    b) Transported goods in commerce;

    c) Used channels of commerce;

    d) Communicated across state lines; and/or

    e) Performed work essential to any of the preceding activities.

20. Defendants and their officers and agencies are responsible under the United States Constitution, federal law and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

21. At all material times hereto (2016-2019), the work performed by Plaintiff was directly essential to the operations performed by Defendants.

22. At all material times hereto (2016-2019), Defendants failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendants for which no

provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

23. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff, are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

24. Defendants provide non-medical, 24 hour healthcare services for individuals by providing personal and companion care, assistance with medicines, meal preparations, and light housekeeping in the client's home.

25. Defendants provide certified nursing assistants and non-medical support personnel to assist individuals with various services associated with the clients' individual needs.

26. Defendants' employees are assigned clients and instructed on what healthcare services each client requires.

27. All of the equipment and supplies used by the Plaintiff and/or those similarly situated is provided either by the Defendants or the client.

28. Plaintiff, Casey Persinger worked as a certified nursing assistant ("CNA") for Defendants.

29. Plaintiff worked in this capacity from approximately July 1, 2017 through the present time.

30. Plaintiff was paid approximately $1,000.00 for no more than eighty (80) hours per two week period in exchange for work performed.

31. Plaintiff routinely worked in excess of forty (40) hours per week as part of her regular job duties.

32. Typically, the plaintiff worked between sixty (60) and seventy (70) hours per week without overtime compensation.

33. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of time-and-one-half her regular rate of pay for hours worked over forty (40) in a workweek.

34. In addition, during Plaintiff's employment with Defendants there were instances where Plaintiff was not paid at least minimum wage for all hours worked as a direct result of Defendants' specific policies and procedures.

### COUNT I – RECOVERY OF OVERTIME COMPENSATION
### AGAINST A GENTLE TOUCH HOME CARE, INC.

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

36. Plaintiff is entitled to be paid time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

37. During her employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time-and-one-half compensation for same.

38. Specifically, Defendants misclassified Plaintiff as exempt and paid her for up to eighty (80) hours in a given work week.

39. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

40. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

41. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half her regular rate of pay for each hour worked in excess of

forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

42. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

### COUNT II – RECOVERY OF OVERTIME COMPENSATION AGAINST SONDRA STEVENSON, INDIVIDUALLY

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

44. Defendant, Sondra Stevenson is the owner of Defendant, A Gentle Touch Home Care, Inc.

45. Defendant, Sondra Stevenson is responsible for the overall business operations of the Defendant, A Gentle Touch Home Care, Inc.

46. Defendant, Sondra Stevenson acted with direct control over the work, pay, and job duties of Plaintiff.

47. Defendant, Sondra Stevenson set the administrative policies for Defendant, A Gentle Touch Home Care, Inc.

48. Defendant, Sondra Stevenson had the power to hire and fire Plaintiff.

49. Defendant, Sondra Stevenson supervised and controlled Plaintiff's work schedule and/or conditions of employment.

50. Defendant, Sondra Stevenson determined Plaintiff's rate and method of payment.

51. Defendant, Sondra Stevenson has the authority to determine whether Plaintiff receive overtime compensation.

52. Defendant, Sondra Stevenson was responsible for maintaining employment records for Defendants' employees.

53. As such, Defendant, Sondra Stevenson is charged with responsibility for violations of Plaintiff's right to overtime and the resulting damages.

54. Plaintiff, Casey Persinger demands judgment against Defendant, Sondra Stevenson for the payment of all overtime hours at one-and-one-half times the regular rate of pay for the hours worked by her for which Defendant, Sondra Stevenson did not properly compensate her, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

55. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, and all other similarly situated employees, demand judgment against Defendants, A Gentle Touch Home Care, Inc. and Sondra Stevenson, Individually for:

a) The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate her/them;

b) Liquidated damages;

c) Reasonable attorneys' fees and costs incurred in this action;

d) A declaration that Plaintiff was an employee of Defendants under the terms of the FLSA and that she worked over forty (40) hours in a workweek without receiving correct overtime compensation pursuant to the FLSA, Defendants failed to keep accurate time records, Defendants have a legal duty to pay Plaintiff overtime pursuant to the FLSA, Defendant failed to prove a good faith defense, and that is entitled to overtime, liquidated damages and reasonable attorneys' fees and costs pursuant to the FLSA;

e) Reimbursement of self-employment tax unnecessarily paid by Plaintiff as a result of her misclassification;

f) Pre- and post-judgment interest as provided by law;

g) Trial by jury on all issues so triable;

h)   Any and all further relief that this Court determines to be just and appropriate.

This the 3rd day of July 2019.

>Respectfully submitted,
>CASEY PERSINGER, PLAINTIFF
>
>/s/ Christopher W. Espy
>**CHRISTOPHER ESPY, ESQ.**
>
>Christopher W. Espy, Esq. (MSB#: 102424)
>MORGAN & MORGAN, PLLC
>4450 Old Canton Road, Suite 200
>Jackson, Mississippi 39211
>Tel:   601-718-2087
>Fax:   601-718-2102
>Email: cespy@forthepeople.com
>
>**ATTORNEY FOR PLAINTIFF**

**STATE OF TENNESSEE**

**COUNTY OF** MONTGOMERY

I, CASEY PERSINGER, declare under penalty of perjury, pursuant to 28 U.S.C. §1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

DATE: 6-27-19

_____
**CASEY PERSINGER, PLAINTIFF**

9